Case 2:20-cv-01166-JS-SIL   Document 30   Filed 02/21/24   Page 1 of 15 PageID #: 505

FILED
CLERK
2:31 pm, Feb 21, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
U.S. SMALL BUSINESS
ADMINISTRATION AS RECIEVER OF ELK
ASSOCIATES FUNDING CORP.,                MEMORANDUM & ORDER
                                          20-CV-1166 (JS)(SIL)
    Plaintiff,

      -against-

AMERITRANS HOLDINGS, LLC; BOUNTY
INVESTMENTS, LLC; RENOVA U.S.
MANAGEMENT, LLC n/k/a SPARROW
CAPITAL HOLDINGS LLC,

    Defendants.
---------------------------------X
APPEARANCES

| | |
|---|---|
| For Plaintiff U.S. Small Business Administration as Receiver of Elk Associates Funding Group: | Steven Weinberg, Esq.<br>Kelsey Bilodeau, Esq.<br>Gottesman Wolgel Flynn & Weinberg, PC<br>11 Hanover Square, Fourth Floor<br>New York, NY 10005 |
| For Defendants Ameritrans Holdings, LLC; Bounty Investments, LLC, and Renova U.S. Management, LLC n/k/a Sparrow Capital Holdings LLC: | Mason Adams Barney, Esq.<br>Siri & Glimstad LLP<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151 |

SEYBERT, District Judge:

      Plaintiff U.S. Small Business Administration, as Receiver for Elk Associates Funding Corporation ("Plaintiff" or "Receiver") commenced this action against Ameritrans Holdings, LLC ("Am. Holdings"), Bounty Investments, LLC ("Bounty"), and Renova U.S. Management, LLC, now known as Sparrow Capital Holdings LLC

("Renova") (collectively, "Defendants"), seeking the repayment of funds received by Defendants from Elk Associates Funding Corp. ("Elk").[1]  (See generally Compl., ECF No. 1.)  Plaintiff asserts three causes of action: (1) money had and received; (2) equitable clawback; and (3) unjust enrichment and constructive trust.  (Id. at 1-2, 25-35.)  On October 2, 2020, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure (hereafter, "Rule") 12(b)(6).  (See Dismissal Support Memo, ECF No. 21-1.)

On June 15, 2021 Magistrate Judge ("Judge") Steven I. Locke issued a Report and Recommendation ("R&R") recommending this Court deny Defendants' Motion to Dismiss (hereafter, "Dismissal Motion") in its entirety.  On June 29, 2021, Defendants filed Objections ("Objections" or "Objs.") to the R&R, to which Plaintiff replied on July 12, 2021.  (Objs., ECF No. 26; Reply, ECF No. 27.) For the reasons that follow, Defendants' Objections are OVERRULED, the R&R is ADOPTED,[2] and Defendants' Motion to Dismiss is DENIED. Should the parties seek a status conference concerning discovery, the parties shall direct any such request to Judge Locke, consistent with his Individual Rules.

---

[1] Consistent with the parties named and discussed supra, the Court adopts and incorporates herein additional party names and abbreviations as set forth in Judge Locke's Report and Recommendation ("R&R"), familiarity with which is assumed. (See generally R&R.)

[2] The R&R is adopted in its entirety with one additional fact acknowledged by the Court. See Factual and Procedural Background, infra.

2

BACKGROUND

I. Factual and Procedural Background

The Court presumes the parties' familiarity with, adopts, and incorporates herein, the factual and procedural background as set forth in the R&R.[3] (See R&R at 2-15.) In addition, the Court includes the following additional fact: On March 9, 2022, Ameritrans issued a Note (hereafter, "Note") to Elk in the amount of $4,500,000. (Compl. at 23.)

II. Defendants' Objections to the R&R

Defendants object to the R&R on three grounds. (See generally Objs.) First, Defendants argue the R&R incorrectly recommends the first cause of action for money had and received should not be dismissed because the R&R: (a) incorrectly assumes Elk retained its possessory interest in the funds transferred to Am. Holdings, despite Elk having made such transfer in exchange for a secured note; (b) ignores the contract between Elk and Ameritrans that provides Plaintiff with an adequate alternate remedy at law; and (c) incorrectly concludes Defendants' possible knowledge that the funds originated from Elk may establish the transfer was inequitable. (Id. at 7-13.) Second, Defendants argue the R&R incorrectly recommends that the second cause of action for equitable clawback should not be dismissed because the R&R:

---

[3] The Court acknowledges Defendants' position that the R&R omits certain facts relevant to its argument. (See Objs. at 9.) The Court supplements the factual record infra by including one additional fact omitted in the R&R.

(a) inappropriately construed the clawback claim as a claim for constructive fraudulent transfer; and (b) incorrectly concluded there was no fair consideration for the transfer of funds to Defendants.  (Id. at 13-16.)  Third, Defendants argue the R&R incorrectly recommends the third cause of action for unjust enrichment should not be dismissed because: (a) written contracts provide Plaintiff with an adequate remedy at law, which precludes the remedy of unjust enrichment; (b) Elk is too attenuated from Defendants to permit an unjust enrichment claim; and (c) equity does not warrant the transfer of money from Defendants to Elk nearly a decade after receiving those funds to satisfy a valid debt.  (Id. at 16-20.)

In opposition to Defendants' Objections, Plaintiff asserts the objections are mere reiterations of arguments made by Defendants in their underlying Dismissal Motion, which were duly addressed, and rejected, by Judge Locke in his R&R.  (Reply at 4-5.)  Plaintiff further relies on its previously-filed opposition to Defendants' Dismissal Motion.  (Opp'n. Support Memo, ECF No. 22-2.)

DISCUSSION

I. <u>Legal Standards</u>

   A. <u>Reports and Recommendations</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

4

judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3). The Court need not review the findings and conclusions to which no proper objection has been made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

B. Motions to Dismiss

A claim is properly dismissed pursuant to Rule 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In determining whether to grant a Rule 12(b)(6) motion, courts must "accept as true all factual allegations contained in the Complaint and draw all inferences in plaintiff's favor." Glob. Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 154 (2d Cir. 2006). "A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt, even when the complaint is liberally construed, that the 'plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, to survive a motion to dismiss, Plaintiff need

5

only allege "enough facts to state a claim to relief that is plausible on its face." Basile v. Levittown United Tchrs., 17 F. Supp. 3d 195, 200 (E.D.N.Y. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## II. Analysis

### A. Defendants' Objections Warrant Clear Error Review

Turning to Defendants' objections, the Court finds them to be "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Locke. Out of the Blue Wholesale, LLC v. Pac. Am. Fish Co., Inc., No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting Rizzi v. Hilton Domestic Operating Co., Inc., No. 19-CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases)). Defendants' regurgitation of their original arguments is readily apparent when comparing their Dismissal Motion to their Objections. As their first objection, Defendants argue the R&R erroneously recommends that the first cause of action be dismissed because: it "assumes Elk retained its possessory interest in the funds transferred to Defendant;" Elk has a "valid [alternate] remedy at law;" and Defendants' conduct was "not inequitable." (Objs. at 7-12.) However, these are the exact same arguments made by Defendants in their Dismissal Motion, which Judge Locke considered and rejected in the R&R. (Dismissal Support Memo at 8, 12 (arguing "[o]nce Elk chose to loan the money to Ameritrans, Elk

6

lost its possessory interest in the funds" and "the fact that every transfer at issue here occurred by written contract vitiates the money had and received claim")).

As their second objection, Defendants argue the R&R erred in recommending the cause of action for equitable clawback be dismissed because it incorrectly construed the clawback claim as a claim for constructive fraudulent transfer and incorrectly concluded there was no consideration paid in exchange for the transfer of funds to Defendants.  Defendants' second objection again merely reiterates arguments made in its Dismissal Motion and Reply.  (See generally Dismissal Support Memo at 17-18; Reply at 9-10 (arguing Plaintiff cannot use a "clawback" claim to assert a cause of action for fraudulent conveyance, specifically because "Ameritrans' repayment of the Bridge Note was a transfer for fair equivalent value."))

Defendants' third objection posits that the R&R erroneously recommends the third cause of action for unjust enrichment should not be dismissed because: written contracts preclude the availability of an unjust enrichment claim; Elk is too attenuated from Defendants to permit an unjust enrichment claim; and equity does not require Defendants to repay money to Plaintiff.  (Objs. at 16-20.)  Again, these objections are comprised of arguments fully addressed in Defendants' Dismissal Motion papers, which were considered and rejected by Judge Locke.

7

(Dismissal Support Memo, at 13-17 (arguing "the multitude of written contracts in this action preclude a claim for unjust enrichment;" "Defendants' connection to Elk is too attenuated to allow recovery;" and "Elk has failed to show inequitable conduct by Defendants") (alterations made regarding capitalization)).

Here, it is evident that all of Defendants' objections are "reiterat[ions] [of] the[ir] original arguments" and accordingly, the Court "will review the R&R strictly for clear error." N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018). Upon clear error review, the Court finds Judge Locke's Report to be well-reasoned and free of clear error, and therefore, adopts it in its entirety.

B. Defendants' First Objection

Defendants contend Plaintiff's claim for money had and received should be dismissed because it cannot plausibly meet claim's elements. "To prove a claim for money had and received, the plaintiff must show that[:] (1) the defendant received money belonging to the plaintiff, (2) the defendant benefited from the receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money." Kinojuz I.P. v. IRP Int'l Inc., No. CV-11-0299, 2016 WL 5936875, at *8 (E.D.N.Y. Oct. 12, 2016), aff'd, 739 F. App'x 9 (2d Cir. 2017) (internal quotation marks omitted). However, as Judge Locke correctly concluded, Plaintiff has adequately plead the

8

elements for a claim of money had and received because it alleged: (1) Defendants received money that "traced directly" from Elk; (2) Defendants benefitted from the receipt of such money; and (3) Defendants should not in good conscience be permitted to keep the money because they "knew or should have known through the terms" of the relevant contracts that the transfer of funds from Elk to Defendants was impermissible.  (Compl. at 26; see also R&R at 18-20.)

Both in their objections and their underlying motion papers, Defendants argue Plaintiff cannot meet the first element of the claim for money had and received because it "relinquished possession of the funds" when it transferred the funds to Ameritrans in exchange for a $4.5 million Note.  (Objs. at 8.)  Relying on United Republic Insurance Company v. Chase Manhattan Bank, Defendants contend that the transfer and the existence of the Note "strongly supports the conclusion" that the money no longer belonged to Elk at the time of the transfer from Ameritrans to Defendants.  (Id.); 168 F. Supp 2d 8 (N.D.N.Y 2001), aff'd, 40 F. App'x. 630 (2d Cir. 2002), vacated on other grounds, 315 F.3d 168 (2d Cir. 2003).  In so relying, Defendants, at most, highlight that there may be an issue of fact as to whether Elk did retain its possessory interest in the funds that were ultimately transferred to Defendants.  However, Defendants fall short of showing that Plaintiffs can prove "no set of facts" which would

9

indicate Elk retained possession of the funds at the time of the transfer to Defendants. Glob. Network, 458 F.3d at 154. This is especially true given Plaintiff's allegation that the Note was not secured by anything at all, and thus no consideration was given in exchange for the funds transferred from Elk to Ameritrans, and then ultimately to Defendants. (Compl. at 23 (alleging the Note given from Ameritrans to Elk in exchange for the transfer of $1.42 million was "not secured."))

If, as Plaintiff alleges, there was no consideration in the exchange between Elk and Ameritrans, Plaintiff would have retained its right to the funds transferred. Cf. United Republic, 168 F. Supp. 2d at 19 ("[Transferring party] cannot now claim a possessory or ownership interest in that which it freely gave away as a loan in a contract that was bargained for and supported by consideration." (emphasis added)). Accordingly, at a minimum, a dispute of fact exists as to whether the money transferred to Defendants "belonged" to Elk at the time of the transfer. The Court cannot, and will not, however, resolve that issue of fact at this stage in the litigation. Rather, on a motion to dismiss, the Court must accept Plaintiff's allegations as true. Glob. Network, 458 F.3d at 154. Thus, if Elk transferred money to Ameritrans in exchange for the sham consideration of an unsecured note, as alleged by Plaintiff in its Complaint, then Plaintiff has plausibly

10

alleged its claim for money had and received with respect to the first element. Id.; cf. United Republic, 168 F. Supp. 2d at 19.

Moreover, Defendants' arguments that the Note executed by Ameritrans in favor of Elk precludes Plaintiffs' recovery of money "had and received," and that Defendants' conduct was not inequitable, are unavailing. (Objs. at 8.) It is true, as Defendants point out, the existence of an enforceable contract governing a particular subject matter ordinarily precludes recovery under theories of quasi contract or money had and received. Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 587 (2d Cir. 2006); Kalimantano GmbH v. Motion in Time, Inc., 939 F. Supp. 2d 392, 416 (S.D.N.Y. 2013). However, where, as here, Plaintiff alleges the purported contract concerning the subject matter of the claims is unenforceable, the Court must accept that allegation as true for the purposes of resolving a motion to dismiss. Glob. Network, 458 F.3d at 154.; (Compl. at 23.) Accordingly, as Judge Locke correctly concluded, Plaintiff's claim for money had and received must survive.

Furthermore, Plaintiff has provided more than enough factual evidence supporting its claim that Defendants' conduct was not equitable. Indeed, Plaintiff specifically alleges Defendants "knew or should have known that Ameritrans did not have the funds to repay" the loan at issue, and that Elk was subject to

11

regulations preventing it from funding Ameritrans in the way contemplated in the Complaint. (Compl. at 27.) These facts, accepted as true for the purposes of resolving the instant motion, certainly make it plausible that Defendants should not in "good conscience . . . be permitted to keep the money." Bens BBQ, Inc. v. County of Suffolk, 858 F. App'x 4, 9 (2d Cir. 2021). Accordingly, Defendants' objections are overruled, and Plaintiff's claim for money had and received shall proceed to the next stage of litigation.

    C. Defendants' Second Objection

        Defendants argue the R&R erred in recommending that Plaintiff's claim for equitable clawback not be dismissed because the R&R: (a) inappropriately construed the clawback claim as a claim for constructive fraudulent transfer; and (b) incorrectly concluded there was no fair consideration for the transfer of funds to Defendants. (Objs. at 13-16.) These objections are without merit. First, Judge Locke appropriately construed Plaintiff's second cause of action as an "equitable clawback [claim] based on fraudulent conveyance." (R&R at 23.) It is well-settled that "[w]hen considering a motion to dismiss, the complaint is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the plaintiff's favor." Gerrard v. Burns, No. 7:14-CV-1235, 2015 WL 1534416, at *2 (N.D.N.Y. Apr. 6, 2015). Thus, it was well-within Judge Locke's

12

authority to recommend the Court liberally construe Plaintiff's equitable clawback claim as a cause of action premised upon fraudulent conveyance. Indeed, Judge Locke specifically cites to those portions of the Complaint that substantiate a fraudulent conveyance claim. (R&R at 20-23.) Moreover, for the reasons discussed supra, Plaintiff has adequately plead the transfers at issue were made without consideration. Accordingly, at this pleadings stage, Plaintiff's claim for equitable clawback based upon fraudulent conveyance must survive.

D. Defendants' Third Objection

For its third objection, Defendants argue the R&R incorrectly recommends the third cause of action for unjust enrichment should not be dismissed because: (a) written contracts provide Plaintiff with an adequate remedy at law, which precludes the remedy of unjust enrichment; (b) Elk is too attenuated from Defendants to permit an unjust enrichment claim; and (c) equity does not warrant the transfer of money from Defendants to Elk nearly a decade after receiving those funds to satisfy a valid debt. (Id. at 16-20.) Here, again, Defendants' objections are predicated upon the fact that the contracts executed among the parties in this case are enforceable and supported by valid consideration. As Judge Locke properly explained, while it is true the existence of an express written agreement governing the subject matter at issue generally precludes recovery under an

13

unjust enrichment theory, where, as here, there is a dispute about the validity of such contracts and their applicability to the Plaintiff, "a party is permitted to assert equitable claims as alternative theories of liability." See Fishman v. Philadelphia Fin. Life Assurance Co., No. 11-CV-1283, 2016 WL 2347921, at *13 (S.D.N.Y. May 3, 2016) (noting a claim for unjust enrichment may survive when the existence of the contract is in dispute).

Moreover, Plaintiff has adequately alleged Defendants knew or should have known that the money received from Ameritrans truly belonged to Elk and that Elk was not permitted to transfer such funds in the manner alleged. (Compl. at 26.) This alone is enough to plausibly allege Defendants must "in equity and good conscience," return to Plaintiffs the $1.42 million originating from Elk. Marini v. Adamo, 12 F. Supp. 3d 549, 552 (E.D.N.Y. 2014), aff'd, 644 F. App'x 33 (2d Cir. 2016) ("When considering an unjust enrichment claim, a court's 'essential inquiry' is one of 'equity and good conscience.'") (quoting Paramount Film Distrib. Corp. v. State, 30 N.Y.2d 415, 421, 334 N.Y.S.2d 388, 285 N.E.2d 695 (1972)). Defendants may re-assert their positions that Elk is "too attenuated" from Plaintiff to support an unjust enrichment claim and that equity does not require the return of funds from them to Elk later in this litigation. (Objs. at 16-17.) However, at this pre-discovery stage, accepting all facts in the Complaint as true, and reviewing the Complaint in the light most favorable

14

to Plaintiff, the Court finds Plaintiff has adequately plead its claim for unjust enrichment. Accordingly, the Court adopts Judge Locke's recommendation to deny Defendants' Dismissal Motion.

## CONCLUSION

For the stated reasons, IT IS HEREBY ORDERED: Defendants' objections are OVERRULED, the R&R is ADOPTED, and Defendants' Dismissal Motion (ECF No. 21) is DENIED. The parties are referred to Judge Locke for the purposes of discovery.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February 21, 2024
       Central Islip, New York